<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARLOWE PATENT HOLDINGS LLC, | : | Civil Action No. 3:10-cv-1199 (PGS) |
| Plaintiff, | : | |
| v. | : | |
| DICE ELECTRONICS, LLC, et al. | : | |
| Defendants. | : | |
| MARLOWE PATENT HOLDINGS LLC, | : | Civil Action No. 3:11-cv-7044 (PGS) |
| Plaintiff, | : | |
| v. | : | MEMORANDUM AND ORDER |
| FORD MOTOR COMPANY | : | |
| Defendant. | : | |

This matter comes before the Court on a Motion by Szaferman Lakind Blumstein & Blader, PC ("Szaferman Firm"), counsel of record for Plaintiff Marlowe Patent Holdings LLC ("Plaintiff"), to withdraw as counsel [dkt. no. 186]. Plaintiff opposed Szaferman Firm's Motion by letter dated March 19, 2013. Neither Defendants Ford Motor Company ("Ford") nor Precision Interface Electronics ("PIE") have opposed Szaferman Firm's Motion to Withdraw.[1]

---

[1] Ford and Pie did, however, submit letters to the Court outlining their concerns regarding continued litigation of an allegedly "unenforceable and invalid patent". Ford Letter at 2:8. And, on June 10, 2013, Defendants Ford and PIE filed a Rule 11 Motion against Plaintiff for prosecution of "an invalid and unenforceable patent" based on Plaintiff's alleged sale of its patent prior to filing the patent application as well as spoliation of evidence. Ford Letter at 1:3, 6.

The Court has considered the Parties' submissions pursuant to FED. R. CIV. P. 78 and, for the reasons set forth herein, Szaferman Firm's Motion to Withdraw is **GRANTED**.

## I. INTRODUCTION

Plaintiff retained Szaferman Firm to represent its interests in the patent litigation between Plaintiff and Dice Electronics, LLC ("Dice Litigation") on May 17, 2012. Catalina Decl. at 2:4. Plaintiff also retained Szaferman Firm to represent its interest in the patent litigation between Plaintiff and Ford Motor Company ("Ford Litigation") on August 23, 2012. Catalina Supp. Decl. at 10:27. Prior to Szaferman Firm's involvement, the Court allowed Plaintiff's prior counsel, Jeffrey Kaplan, Esq., to withdraw from representation in both the Dice and Ford Litigations [dkt. nos. 16, 167].

Szaferman Firm now seeks to withdraw because, it claims, Plaintiff has not paid for legal services rendered and out-of-pocket expenses incurred since September 2012.[2] From August 2012 to March 2013, Szaferman Firm sent a series of emails requesting payment of Plaintiff's outstanding balance as well as advising Plaintiff to seek new counsel if he could not afford to litigate the matters on a noncontingency basis. Catalina Supp. Decl. at 5-6:16, 6:18, 7:19, 8:23, 12:31, 16:40, 17:42, 18:45, 19:48. As of April 2, 2013, Szaferman Firm claims Plaintiff owes it $163,666.16. Catalina Reply Decl. at 5:12.

## II. LEGAL STANDARD

Unless new counsel is substituted, attorneys may not withdraw except by leave of the Court. L. CIV. R. 102.1. Pursuant to New Jersey Rule of Professional Conduct ("NJRPC") § 1.16(b), an attorney may withdraw from representing a client if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;

---

[2] Plaintiff's last payment of $1,000.00 was received sometime in September 2012.

2

> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (7) other good cause for withdrawal exists.

NJRPC § 1.16 (b); see also Haines v. Liggett Group, Inc., 814 F. Supp. 414, 422-23 (D.N.J. 1993). Further, NJRPC § 1.16(d) states, "upon termination of representation, a lawyer shall take steps to the extent reasonably practical to protect the client's interest, such as giving reasonable notice . . . ."

The Court looks to four factors in determining whether counsel may withdraw from a case: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." Rusinow v. Kamara, 920 F. Supp. 69, 71 (D.N.J. 1996); see also United States ex rel. Cherry Hill Convalescent Ctr. V. Healthcare Rehab Systems, Inc., 944 F. Supp. 244, 252-53 (D.N.J. 1990).

## III. DISCUSSION

In support of its Motion, Szaferman Firm claims: (1) Mr. Catalina cannot personally afford to represent Plaintiff in this litigation under the circumstances; (2) Plaintiff did not fulfill its obligations to make payments as set forth in the Retainer Provision; and (3) since August 2012, Szaferman Firm has repeatedly counseled Plaintiff that payment must be made in a timely manner in order for Szaferman Firm to continue representation. Catalina Br. at 6-7.

First, Szaferman Firm (and particularly, Mr. Catalina) claim that continued representation of Plaintiff will result in "an unreasonable financial burden on the lawyer." See NJRPC

§1.16(b)(6). The Court agrees. See Erie Molded Plastic v. Nogah, 2013 WL 1200303, at *3 (3d Cir. Mar. 26, 2013) (granting counsel's motion to withdraw, even in the absence of substitute counsel, when client refused to pay $5,000.00 in unpaid fees). It appears that, as of April 2013, Plaintiff owes Szaferman Firm $163,666.16 and has provided no assurances of future payment. Mr. Catalina, moreover, has a unique employment arrangement at Szaferman Firm. As an 'Of Counsel' attorney, Mr. Catalina's compensation is derived solely from what Szaferman Firm actually receives in payment from the client. Catalina Decl. at 3:12. Plaintiff's delinquency on its payments, therefore, has caused Mr. Catalina "personal, significant and unreasonable financial burden." Id. at 3.

Next, Plaintiff has had both adequate notice of its obligations as well as ample opportunity to cure its default. See NJRPC § 1.16(b)(5). As set forth in the Retainer Provision, which is signed by Plaintiff, the "client must pay the Firm's fees and expenses when due and payable." See Catalina Reply Decl. at 4:8-9. Although Plaintiff asserts that an alternative fee arrangement was reached as to both matters, the record suggests otherwise. First, with regard to the Dice Litigation, Plaintiff claims that Szaferman Firm agreed to seek out funding from an investor on its behalf. Szaferman Firm, however, maintains that they only counseled Plaintiff as to that *option*. Catalina Reply Decl. at 3-4:8. Plaintiff provides no evidence to contradict Szaferman Firm's contention. Second, with regard to the Ford Litigation, Plaintiff claims that Szaferman Firm agreed to take the matter on a 100% contingency basis. But Szaferman Firm provides transcripts of email correspondence dated August 10, 13 and 21, 2012 explicitly rejecting a 100% contingency arrangement for the Ford Litigation. See Catalina Supp. Decl. at 5:18, 5:19, 8:23. Plaintiff has provided no evidence to contradict these messages.

Moreover, Plaintiff had over seven months' notice to cure its default. In emails beginning as early as August 2012 and continuing up to March 19, 2013, Mr. Catalina clearly told Plaintiff that he would be forced to file a motion to withdraw if Plaintiff did not bring its payments up to date. Catalina Supp. Decl. at 5:16, 8:23, 10:28, 12:31, 16:40.

Finally, granting the Motion will neither unduly delay resolution of the litigation nor prejudice Defendants. Both cases appear to be progressing according to their respective Scheduling Orders. And, in the absence of opposition by any Defendants, the Court cannot find undue prejudice. See Magargal v. New Jersey, 2011 WL 5526077, at *2 (D.N.J. Nov. 14, 2011) (granting motion to withdraw where counsel and plaintiff differed as to course of litigation and defendants did not object).

### IV. CONCLUSION & ORDER

In light of the amount of money claimed to be due to Szaferman Firm as well as Plaintiff's alleged misrepresentations about the validity of the patent and alleged spoliation of evidence, it would be unjust to require Szaferman Firm to continue serving as counsel without compensation. Plaintiff, moreover, has sufficient time and opportunity to seek new counsel without causing undue delay in the proceedings. Accordingly,

**IT IS** on this 17th day of June, 2013,

**ORDERED** that Szaferman Firm's Motion to withdraw is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall have twenty (20) days from the date of this Order to secure new counsel; and it is further

**ORDERED** that the Court will conduct an in-person status conference on July 9, 2013 at 4:00 PM.

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**
