RECEIVED
DEC - 5 2013
AT 8:30_____M
WILLIAM T. WALSH CLERK

**NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARLOWE PATENT HOLDINGS<br><br>Plaintiff,<br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Civil Action No.: 11-7044 (PGS)<br><br>MEMORANDUM & ORDER |

This matter comes before the Court upon Defendant Ford Motor Company's motion to sanction [ECF No. 47] Plaintiff Marlowe Patent Holdings LLC for the frivolous prosecution of U.S. Patent No. 7,489,786 ("patent '786") pursuant to Fed. R. Civ. P. 11. Defendant's motion comes by way of response to Plaintiff's complaint [ECF No. 1] accusing Ford of infringing patent '786. Ford asks the Court to dismiss Plaintiff's complaint and award Ford fees as sanctions, on the grounds that patent '786 is (1) invalid, due to prior sales prohibited under 35 U.S.C. § 102(b), and (2) unenforceable, due to Plaintiff's inequitable conduct before the United States Patent and Trademark Office ("USPTO"). Plaintiff opposes Defendant's motion. Having considered the submissions of the parties; and having heard oral argument on September 9, 2013; the Court denies Defendant's motion for sanctions without prejudice.

I.

On December 11, 2002, Ira Marlowe ("Marlowe") filed an application with the USPTO to patent a device designed to integrate portable audio devices into car stereos.

Marlowe's device "enables after-market audio products such as a CD player, a CD changer, a MP3 player ... and other auxiliary sources to be connected to, operate with, and be controlled from, an existing stereo system in an automobile" by acting as an interface to translate signals between the car stereo and portable audio device. Pl.'s Complaint at ¶ 7. On February 10, 2009, the USPTO issued patent '786 to Marlowe for his "Audio Device Integration System". On March 4, 2010, Marlowe assigned all rights to patent '786 to Marlowe Patent Holdings LLC ("MPH").

On March 10, 2010, Plaintiff initiated a suit against Dice Electronics, LLC and others for infringing patent '786. *see Marlowe Patent Holdings LLC v. Dice Electronics LLC et al.*, Civil No. 10-1199 ("LTI suit"). On December 12, 2011, Plaintiff also filed this suit against Ford for infringing patent '786 ("Ford suit") by selling "interfaces that enable auxiliary audio devices to be integrated with an existing automobile stereo system in a manner defined by the claims of patent '786", namely "automobiles including the Ford Sync product". Both cases are pending before me. On March 13, 2012, Ford answered Plaintiff's complaint and filed a counterclaim seeking a declaratory judgment of Ford's non-infringement and a declaration of patent invalidity with respect to patent '786. Def.'s Answer and Counterclaim, Ford suit [ECF No. 8].

On March 4, 2013, the Court held a Markman hearing in the LTI suit; but this occurred before the Ford suit was transferred to the undersigned. *see* LTI suit, ECF Remark, March 13, 2013. On March 18, 2013, the Ford suit was reassigned to this Court as a related action. Order Reassigning Case, Ford suit [ECF No. 35].

On May 15, 2013, the Court held a telephone conference, wherein Ford requested leave of the Court to the file the instant motion, because MPH was allegedly prosecuting

patent '786 frivolously. Based on that representation, and in the interest of judicial efficiency, this Court granted Ford leave to file its motion. *see* Amended Minute Entry, May 16, 2013 [ECF 43]. At the time, the Court envisioned the motion to be one for dismissal on the merits (Fed. R. Civ. P. 12 (b)(6)), as well as sanctions. On June 10, 2011, Ford filed the instant motion for sanctions, pursuant to Rule 11, on the grounds that patent '786 is invalid under 35 U.S.C. § 102(b) and unenforceable due to Plaintiff's inequitable conduct before USPTO. Specifically, Ford asks the Court to dismiss Plaintiff's complaint with prejudice and order Plaintiff to pay costs and fees to Defendant.[1]

II.

Since the thrust of the motion is to impose sanctions (namely dismissal of MPH's complaint) due to its improper conduct, the Court is confined to review the application solely under Rule 11 at this point. Under said Rule, attorneys must certify that a pleading is well-grounded in fact, has a basis in law, and is not filed for an improper purpose. Rule 11(b) states, in pertinent part, that:

> By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: ...
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so

---

[1] Defendants LTI Enterprises, Inc. and Precision Interface Electronics have joined Ford (collectively "Defendants") in support of its Motion for Sanctions against MPH. *see* LTI suit [ECF Nos. 195, 196]; Ford suit, [ECF No. 65].

3

identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery

FED R. CIV. P. 11(b). In interpreting Rule 11, the Third Circuit has held that "[t]he signer's signature on a pleading, motion, or other paper certifies the signer has done three things: (1) read the pleading, motion, or paper; (2) made a reasonable inquiry into the contents of the pleading, motion, or other paper and concluded that it is well grounded in fact and warranted in law; and (3) has not acted in bad faith in signing the document." *Garr v. U.S. Healthcare, Inc.*, 22 F.3d 1274, 1278 (3d Cir. 1994)(citing *CTC Imports and Exports v. Nigerian Petroleum Corp.*, 951 F.2d 573, 578 (3d Cir. 1991)).

Rule 11(c) authorizes the Court to impose sanctions against a party or attorney who violates Rule 11(b). However, imposing sanctions is an extraordinary remedy to be exercised with restraint. The Third Circuit has cautioned that the court should impose sanctions only "in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)(quoting *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987)); see also *Morristown Daily Record, Inc. v. Graphic Comm's Union Local 8N*, 832 F.2d 31, 32 n.1 (3d Cir. 1987)("Rule 11 is not to be used routinely when the parties disagree about the correct resolution of a matter in litigation. Rule 11 is instead reserved for only exceptional circumstances.").

Rule 11 "must not be used as an automatic penalty against an attorney or party advocating the losing side of a dispute," and "should not be applied to adventuresome, though responsible, lawyering which advocates creative legal theories." *Ario v. Underwriting Members of Syndicate 53 at Lloyds*, 618 F.3d 277, 297 (3d Cir. 2010)(citation omitted). Rule 11 sanctions are appropriate only if the filing of the

complaint constituted abusive litigation or misuse of the court's process. *Teamsters Local Union No. 430 v. Cement Express, Inc.*, 841 F.2d 66, 68 (3d Cir. 1988). "It is well-settled that the test for determining whether Rule 11 sanctions should be imposed is one of reasonableness under the circumstances, the determination of which falls within the sound discretion of the District Court". *Brubaker Kitchens, Inc. v. Brown*, 280 Fed. Appx. 174, 2008 U.S. App. LEXIS 11046, 27 (3d Cir. 2008).

III.

Allegations of patent infringement are also "subject to the requirement of Rule 11(b)(3) that all allegations and factual contentions have evidentiary support." *Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002). Ford seeks to impose sanctions on Plaintiff under Rule 11 on the grounds that Plaintiff "knew" that patent '786 was invalid and unenforceable when it filed suit against Ford for patent infringement. Ford asserts that patent '786 is invalid as a matter of law because Marlowe began selling devices that embodied each claim of patent '786 years before filing his patent application with the USPTO, in violation of the "on-sale bar" under 35 U.S.C. ß 102(b). Ford further argues that patent '786 is unenforceable as a matter of equity because Marlowe failed to disclose to the USPTO "relevant technical details" of those prior sales that would have prevented him from obtaining patent '786 in the first instance. Finally, Ford concludes that because Plaintiff persists in the egregious prosecution of patent '786 in spite of these facts, Plaintiff's case is frivolous.

In opposing Ford's motion, Plaintiff disputes Ford's contention that patent '786 is invalid and unenforceable. Plaintiff argues that patent '786 is valid because its prior device, sold more than one year before the application for patent '786 was filed ("the

5

critical date"), did not embody each claim of patent '786. (Marlowe Decl. at ¶ 14). Plaintiff further argues that patent '786 is enforceable because Marlowe fulfilled his duty of candor by disclosing the information to the USPTO needed to properly obtain patent '786. (Marlowe Decl., ¶ 14). On these bases, Plaintiff asserts that Ford's motion should be denied.

U.S. patent law 35 U.S.C. § 102 provides that a person shall be entitled to a patent unless the invention was on sale in this country, more than one year prior to the date of the application for patent in the United States. 35 U.S.C. § 102(b). In order to show that the prior art was on sale prior to the critical date, one must first demonstrate that the prior art actually embodied or rendered obvious the patented invention. If the claim is indeed an embodiment of the prior art, its sale before the critical date invalidates the patent claim. A claim is considered to be an "embodiment" of prior art if clear and convincing evidence shows that the prior art contains each element of the claim. *Zenith Electronics Corp. v. PDI Commc'n. Sys., Inc.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008); *Tate Access Floors, Inc. v. Interface Architecural Res., Inc.*, 279 F.3d 1357, 1367 (Fed. Cir. 2002). To determine if the pre-existing device actually embodied the patented invention, the court independently construes the patent claim and compares it to the prior art to determine if all elements are present. *see generally Schumer v. Lab. Comp. Sys., Inc.*, 308 F.3d 1304 (Fed. Cir. 2002)(construing the terms of a patent to determine if the district court properly applied the on-sale bar).

An inventor is guilty of inequitable conduct, rendering its patent unenforceable, when he or she fails to disclose material prior art to the USPTO with an intent to deceive the Patent Office. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290

6

(Fed. Cir. 2011)(*en banc*). In *Therasense*, the Federal Circuit clarified the standard for establishing inequitable conduct. In particular, the Federal Circuit held that to meet the materiality prong, the particular information at issue must be "but-for material." Information "is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art." *Therasense*, 649 F.3d at 1291. But-for materiality is determined "giv[ing] claims their broadest reasonable construction" and must be proved by a preponderance of the evidence. *Id.* at 1291-92. To satisfy the intent requirement, "the accused infringer must prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material and made a deliberate decision to withhold it." *Therasense*, 649 F.3d at 1290. "[T]he specific intent to deceive must be the single most reasonable inference able to be drawn from the evidence." *Id.*

Ford adamantly maintains that Marlowe obtained his patent by committing fraud on the USPTO by failing to inform the PTO that the Blitzsafe Toyota-Panasonic interface he sold practiced the alleged invention of his patent application. *see* Def.'s Brief at 15. Though, Ford concedes that "Marlowe disclosed the *existence* of the prior art Blitzsafe Toyota/Panasonic interfaces to the USPTO", Ford claims that Marlowe "did not disclose how the interfaces worked", which Ford claims is the alleged "but-for" material. *Id.* For its part, Plaintiff disputes Ford's contention of inequitable conduct and maintains that it upheld its duty of candor to the USPTO.

Defendants ensure the Court that, in considering their motion for sanctions, there is "no need ... to get mirred in a conflict over [] term[s]" and that "the Court does not have to conclude that [the prior art] produced a device presence signal as claimed to decide the motion". Def. LTI's Reply at 4, 6. The law contradicts that contention at this

early stage in the proceedings. Whether a patent is anticipated is a question of fact. 35 U.S.C. § 102; *Apple Computer, Inc. v. Articulate Sys., Inc.*, 234 F.3d 14, 20, 57 USPQ2d 1057, 1061 (Fed. Cir. 2000). In order to establish the invalidity of patent '786 Defendants must demonstrate by clear and convincing evidence that the prior art in dispute embodies each and every claim of patent '786. The validity of each claim must be considered separately. If Plaintiff can show the absence of even one element from the prior art, it can survive an invalidation-by-anticipation defense. *Kloster Speedsteel AB v. Crucible, Inc., 793 F.2d 1565, 1572 (Fed. Cir. 1986)*, overruled on other grounds by *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp., 383 F.3d 1337 (Fed. Cir. 2004)*.

Under the law, it is apparent that the Court would, in fact, need "to get mirred in a conflict over terms" to decide the present motion, which turns on, *inter alia*, the proper meaning of terms (i.e. "auxiliary device" and/or "device presence signal") as well as the scope of the prior art. Defendants merely contend that *their construction* of the claims and the prior art *is clearly correct* such that the Court need not do so. It logically follows from that position, if accepted, that Plaintiff's claim is legally baseless and should be dismissed as a sanction for frivolous prosecution. Distilled to its essence, Defendants' argument is that Rule 11 sanctions are appropriate because Plaintiff's infringement claims fail on the merits. Recognizing same, the Court finds the present motion to be a transparent effort to secure summary judgment, in the guise of Rule 11 sanctions. As such, it is premature at this time.

A Rule 11 motion for sanctions is not an appropriate substitute for summary judgment proceedings, and should not be used to raise issues of legal sufficiency that more properly can be disposed of by a motion to dismiss, a motion for a more definite

8

statement, or a motion for summary judgment. 5A Wright & Miller, Federal Practice and Procedure ß 1336 (2 ed. Supp. 2003). Generally, "Rule 11 motions . . . should not be employed . . . to test the sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes". FED. R. CIV. P. 11, advisory comm. notes (1993 Amendments). Usually, a motion for sanctions is "improper [] as a surrogate for a summary judgment motion", because a Rule 11 motion is ordinarily determined at the end of the proceedings. *Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 412-420 (S.D.N.Y. 2003).

Ford has not yet challenged the legal sufficiency or efficacy of Plaintiff's complaint through the channels afforded by the Federal Rules of Civil Procedure or the methods employed by the courts pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 134 L. Ed. 2d 577, 116 S. Ct. 1384 (1996). Instead, Ford seeks to summarily dispose of this action using Rule 11. The "imposition of a Rule 11 sanction is not a judgment on the merits of an action". *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990). Despite the plausible allegations in Ford's application, they are more aptly decided after discovery and Markman hearings have been completed. As such, this Court is reluctant to rule on the merits of a patent infringement case on a Rule 11 motion at the outset of litigation.

As the Court does not rule on the substance of Ford's allegations at this time, it need not further address the allegations of inequitable conduct here. Should Defendants wish to reassert their present stance regarding dismissal or judgment on the merits, they may do so by way of an appropriate motion to the Court.

ORDER

For the foregoing reasons,

IT IS on this **4th** day of **December, 2013** hereby:

ORDERED that Defendants' Motion for Sanctions [ECF No. 47] is denied without prejudice.

HONORABLE PETER G. SHERIDAN, U.S.D.J.